**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TYRONE VALENTINE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:24-cv-00268-MTS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Petitioner's Petition for Writ of Error Coram Nobis, Doc. [1],

along with his Application to Proceed Without Prepayment of Fees, Doc. [2]. For the

reasons explained below, the Court will deny Petitioner's Application as moot, deny his

Petition, and dismiss this action.

**I.      Background**

Petitioner is a self-represented litigant who currently is incarcerated at the United

States Medical Center for Federal Prisoners in Springfield, Missouri, serving a sentence

for his conviction of being a felon in possession of ammunition as an armed career

criminal. *See United States v. Valentine*, 4:14-cr-0108-MTS (E.D. Mo.). For that

conviction, the Court sentenced Petitioner to 180 months' imprisonment followed by

three years of supervised release. *Id.* The conviction for which he seeks relief, though, is

his earlier federal conviction for possession of heroin with intent to distribute. *See*

*United States v. Valentine*, 4:01-cr-0491-MTS (E.D. Mo.). The Court used this predicate

conviction to conclude Petitioner was an armed career criminal when it sentenced him for being a felon in possession of ammunition.

For his earlier conviction, the conviction for possession of heroin, the Court sentenced Petitioner to 28 months' imprisonment. Petitioner filed neither a direct appeal nor a habeas motion pursuant to § 2255, and he served his complete sentence. So, although Petitioner is "in custody," he is not "in custody" on the conviction for which he seeks the writ of error coram nobis. *See Baranski v. United States*, 880 F.3d 951, 954 (8th Cir. 2018) ("[C]oram nobis relief is available when the defendant is no longer in custody for the applicable conviction, while custody is a prerequisite for habeas relief." (quoting *United States v. Camacho-Bordes*, 94 F.3d 1168, 1172 n.6 (8th Cir. 1996))); *see also Custis v. United States*, 511 U.S. 485, 512 n.7 (1994) (stating that the writ of coram nobis is available, in the proper circumstances, to challenge a prior conviction relied upon at sentencing to enhance that sentence).

## II.        Discussion

### a.  Proceeding without Prepayment of Fees

This Court previously has found that no filing fee applies to a petition for writ of error coram nobis. *See Katz v. United States*, 4:11-cv-0513-CDP, 2011 WL 1533071, at *2 (E.D. Mo. Apr. 21, 2011); *see also Johnson v. United States*, 4:12-cv-0091-CAS, 2012 WL 666730, at *3 (E.D. Mo. Feb. 28, 2012) (noting "no filing fee is required for either a coram nobis matter or a § 2255 motion to vacate"). The Court will not require a filing fee here. *Cf.* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 3 advisory committee's note (explaining that there is "no filing fee required

of a movant" under 28 U.S.C. § 2255, which recognizes that a § 2255 motion is "a continuation of the criminal case whose judgment is under attack"); *United States v. Little*, 608 F.2d 296, 299 (8th Cir. 1979) (coram nobis and § 2255 are "substantially equivalent" remedies).  For that reason, the Court will deny Petitioner's Application as moot.

### b.  Petition

In his Petition for Writ of Error Coram Nobis, Petitioner contends that his sentence for possession with intent to distribute heroin was fatally defective because it failed to charge a federal offense.  He states that the indictment omitted the element of intent. "The omission of **'intentionally'** as to Count One, PWID Heroin renders it fatally defective and subject to dismissal."  Doc. [1] at 7 (emphasis in original).  "Thus, Tyrone Valentine argues firmly that the essential elements of 21 U.S.C. § 841(a)(1), as to the essential element number three are MISSING from his Indictment as to Count 1, PWID Heroin 'did so **INTENTIONALLY,**' thus the Grand Jury has not found a crime, rendering the Indictment 'fatally defective' and those counts of conviction must be DISMISSED . . . ." *Id.* (citation omitted) (emphasis in original).

For support, he points the Court toward his indictment, which he attached as an exhibit to the Petition.  As for Count I, possession with intent to distribute heroin, the indictment states:

### Count 1

The Grand Jury charges that:

On or about November 20, 2001 in the County of St. Louis, in the Eastern District of Missouri, the defendant

**TYRONE VALENTINE,**
**a/k/a JASON DUPREE,**
**a/k/a ANTOIN BROWN,**

did knowingly possess with the specific intent to distribute approximately 50.70 grams of heroin, a Schedule I narcotic drug controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

Doc. [1-1] at 2.

Possession with intent to distribute heroin is a violation of 21 U.S.C.§ 841(a)(1), which states:

**§ 841 Prohibited acts A**

**(a)    Unlawful acts**

Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; . . . .

21 U.S.C. § 841(a)(1).

Petitioner's argument that his indictment was fatally defective because it left out the element of "intentionally" is factually incorrect.  Petitioner appears to rely only on semantics, arguing that the word "intentionally" does not appear in Count 1.  He is correct that the word "intentionally" does not appear in Count 1.  However, Count 1 does include the *mens rea* element of intentionally; it states that the Petitioner "did knowingly possess *with the specific intent to* distribute . . . ."  *See* Doc. [1-1] at 2 (emphasis added).

The phrase "with the specific intent to," is synonymous with "intentionally."  In fact, this is the same language used in the statute, 21 U.S.C. § 841(a)(1): "it shall be

- 4 -

unlawful for any person knowingly or intentionally—(a) to . . . possess *with intent to . . .*

distribute . . . a controlled substance." 21 U.S.C. § 841(a)(1). *Id.* (emphasis added). The

U.S. Court of Appeals for the Eighth Circuit has held this language to be unambiguous.

*United States v. Klein*, 850 F.2d 404, 405 (8th Cir. 1998). Furthermore, none of

Petitioner's citations to caselaw establishes that the word "intentionally" must be used in

a charge of a violation of 21 U.S.C. § 841(a)(1). *See* Doc. [1] at 7, 8. His cited cases

stand, generally, for the proposition that the indictment must inform the criminal

defendant of the nature of the charges against him. *See Russell v. United States*, 369 U.S.

749, 768–69 (1962). His indictment did so.

**III.    Conclusion**

For these reasons, the Court will deny Petitioner's Application, deny his Petition

for Writ of Error Coram Nobis, and dismiss this action.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Application to Proceed Without

Prepayment of Fees, Doc. [2], is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Error Coram

Nobis, Doc. [1], is **DENIED**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 26th day of June 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

- 5 -